**McMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ 08611
(973) 323-8667
Andrea Dobin, Esq.
adobin@msbnj.com
*Attorneys for Plaintiff, Douglas S. Stanger, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**ONDA, Susan**,<br><br>Debtor. | Case No. 26-15682(JNP)<br><br>Chapter 7<br><br>Honorable Jerrold N. Poslusny, Jr., U.S.B.J. |
| **DOUGLAS S. STANGER, Chapter 7 Trustee**,<br><br>Plaintiff,<br>v.<br><br>**UNISON AGREEMENT CORP**. and **UNISON MIDGARD HOLDINGS, LLC**,<br><br>Defendants. | Adv. Pro. No. 26- |

**COMPLAINT TO DETERMINE NATURE, EXTENT AND PRIORITY OF LIENS CLAIMS OR INTERESTS, TO AVOID LIEN PURSUANT TO 11 U.S.C. § 544, FOR DAMAGES RELATING FROM VIOLATIONS OF CONSUMER PROTECTION LAWS AND FOR OTHER AND ASSOCIATED RELIEF**

Douglas S. Stanger, Chapter 7 Trustee ("**Trustee**") in the Chapter 7 bankruptcy proceeding of Susan Onda, the Chapter 7 debtor (the "**Debtor**"), by way of complaint against Unison Agreement Corp. and Unison Midgard Holdings, LLC (collectively, the "**Defendants**"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H), (K), (O).

3. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

4. This matter is brought pursuant to the equitable powers of the Court pursuant to 11 U.S.C. § 363(h) and Bankruptcy Rule 7001, *et seq.*

## PARTIES

5. Defendant Unison Agreement Corp. ("**Unison**") is a Delaware Corporation with a principal place of business of 4 Embarcadero Center, Suite 710, San Francisco, California 94111. It is authorized to do business in New Jersey and can be served at the aforementioned address.

6. Defendant Unison Midgard Holdings, LLC. ("**Midgard**") is a Delaware Limited Liability Company with a principal place of business of 4 Embarcadero Center, Suite 710, San Francisco, California 94111.

7. Midgard is ***not*** authorized to do business in New Jersey.

8. The Trustee, Douglas S. Stanger, is the Chapter 7 Trustee with a principal place of business at 1810 Chapel Ave., West, Cherry Hill, NJ 08002-4609.

## PROCEDURAL BACKGROUND

9. On May 20. 2026 (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**").

10. On May 21, 2026, the Trustee was appointed to serve as the Chapter 7 Trustee in the Debtor's bankruptcy proceeding and qualified for and accepted said appointment.

## **FACTUAL BACKGROUND**

11. On or about December 11, 2012, the Debtor and her then-husband, Jeffery C. Onda (collectively, the "**Owners**") purchased the real property commonly known as 36 Lewis Drive, Mays Landing, New Jersey (the "**Property**").

12. On or about November 16, 2022, the Owners signed a variety of documents, including: (i) a Memorandum of Unison Homeowner Agreement (the "**Memo**"); and (ii) a document entitled the "Unison Homeowner Mortgage and Security Agreement" (the "**Mortgage**"), a true and correct copy of these agreements are attached hereto as Exhibits "A" and "B" respectively.

13. Both the Memo and Mortgage were recorded in Atlantic County, New Jersey Recorder of Deeds on January 11, 2023, but the Memo was recorded immediately before the Mortgage.

14. The Memo was assigned instrument #2023002228. The Mortgage was recorded as instrument #2023002229.

15. Unison has assigned its rights under the Mortgage to Midgard.

16. Midgard received the rights under the Mortgage subject to any claims or infirmities that could be made against Unison.

### **Language of the Memo**

17. The Memo references the Owners' execution of a Unison HomeOwner Agreement (the "**Agreement**").

18. The Agreement is not recorded in the Atlantic County land records independently or as an attachment to another recorded documents.

19. The Memo describes the Agreement as providing Unison an "option to purchase an undivided percentage interest ("Option") in ….[the Property]…." for a period of thirty (30) years.

20. The Memo does not contain any dollar amounts or percentages.

21. The Memo does not reflect that there is any obligation on the part of the Owners to make payment under the terms of the Agreement.

**Language of the Mortgage**

22. Pursuant to the terms of the Mortgage, the Owners purported to grant Unison "all of that property .. located at [the Property]."

23. The language of the Mortgage does not grant Unison a ***lien*** on the Property, but, rather, a right to ownership.

24. As an indicia of its purported right of ownership, in the event of "default", Unison is entitled to take possession of the Property *without engaging in litigation.* See Para. 7 of the Mortgage.

25. Although it is titled a "Mortgage", the document does not purport to secure the repayment of a dollar amount, but, rather, by its terms secures the Owners' "performance … under the Unison Unison HomeOwner Agreement [sic]" and "the performance and payment of the obligations of [Owners] under the Unison Unison HomeOwner Agreement [sic]…."

26. The Mortgage does not specify a maximum principal amount due to Unison that is secured by the Property.

27. The Agreement is not recorded in the Atlantic County land records.

28. The Mortgage also states that "This Unison HomeOwner Security Instrument is intended to be and shall constitute, a security agreement *under the Uniform Commercial Code* as adopted or enacted and thereafter modified under the laws of the State or Commonwealth of New Jersey." This clause will be referred to herein as the "**UCC Application Provision**".

29. Because Jeffery Onda died prior to the Petition Date, the Debtor is now the sole owner of the Property.

30. As of the Petition Date, the Property was occupied by the Debtor as her primary residence.

**COUNT ONE**
**DECLARATORY JUDGMENT INVALIDATING MORTGAGE**
**UNDER NEW JERSEY LAW**
**Stanger, Trustee v. Unison and Midgard**

31. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if set forth herein at length.

32. New Jersey law applies to the interpretation and enforceability of the Agreement and the Mortgage.

33. The Mortgage is not enforceable under New Jersey law as it fails to explicitly state the maximum specified principal amount of the obligation secured by the Property as required by N.J.S.A. §46:9-8.1.

34. The Mortgage is not enforceable under New Jersey law because it does not identify the dollar value of the non-monetary obligation that is being secured by the Property.

**WHEREFORE**, the Trustee demands judgment against Defendants Unison Agreement Corp. and Unison Midgard Holdings, LLC as follows:

a. Declaring the Mortgage invalid;

b. Awarding attorneys' fees and costs; and

c. Granting such other and further relief as is just and appropriate.

**COUNT TWO**
**AVOIDANCE OF MORTGAGE PURSUANT TO 11 U.S.C. §544(a)(1)**
**Stanger, Trustee v. Unison and Midgard**

35. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if set forth herein at length.

36. Pursuant to 11 U.S.C. §.544(a)(1), the Trustee is entitled to the rights and remedies of a hypothetical judgment creditor that obtains a judicial lien against the Debtor as of the Petition Date.

37. Since it does not state the dollar value that it secures, the Mortgage is subordinated to properly perfected liens that state dollar values.

38. As a hypothetical judgment creditor, the Trustee's lien is senior to the Mortgage in all respects such that the Trustee is entitled to avoid the Mortgage and remove it as a lien against the Property.

**WHEREFORE**, the Trustee demands judgment against Defendants Unison Agreement Corp. and Unison Midgard Holdings, LLC as follows:

a. Avoiding the Mortgage as a lien against the Property as subordinate to a judgment lien held by the Trustee;

b. Awarding attorneys' fees and costs; and

c. Granting such other and further relief as is just and appropriate.

**COUNT THREE**
**DECLARATORY JUDGMENT DECLARING AGREEMENT TO BE EXECUTORY CONTRACT SUBJECT TO REJECTION**
**Stanger, Trustee v. Unison and Midgard**

39. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if set forth herein at length.

40. The Debtor has an obligation to perform under the terms of the Agreement, e.g., maintaining the Property, paying the Defendants the "Unpaid Owner Obligations" if and when provided by the Defendants to terminate the option, tendering a deed for the extent of the ownership interest for which the Defendants hold an option (if it is exercised).

41. Unison and/or Midgard has an obligation to perform under the terms of the Agreement, e.g., potentially exercising its option to claim an interest in the Property and tendering additional payment to the Owners at the time of exercise.

42. The Agreement is an executory contract subject to rejection under the terms of the Bankruptcy Code.

43. Pursuant to 11 U.S.C. §365(d)(1), the Agreement has been deemed rejected.

44. Defendants' rights are limited to the pursuit of a rejection damage claim.

45. Defendants' rejection damage claim is not secured by the Mortgage.

46. Defendants have no right to any of the remedies set forth in the Agreement or the Mortgage.

**WHEREFORE**, the Trustee demands judgment against Defendants Unison Agreement Corp. and Unison Midgard Holdings, LLC as follows:

a. Declaring the Agreement to be an executory contract that has been rejected;

b. Declaring the Mortgage to be unenforceable with respect to any rejection damage claim; and

c. Awarding attorneys' fees and costs; and

d. Granting such other and further relief as is just and appropriate.

**COUNT FOUR**
**RELIEF UNDER RESIDENTIAL MORTGAGE LENDING ACT**
**Stanger, Trustee v. Unison and Midgard**

47. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if set forth herein at length.

48. Defendants engage in disguised mortgage lending in New Jersey without being licensed.

49. The Agreement is drafted in such a way that it cloaks a mortgage loan as an "option" in an effort to prevent the application of New Jersey's Residential Mortgage Lending Act (the "**NJRMLA**"), N.J.S.A. §17:11C-51 et seq.

50. Defendants violated multiple provisions of the NJRMLA, including but not limited to (i) using the term "mortgage" in connection with its transaction when they are not properly licensed as a mortgage lender or mortgage broker; (ii) charging impermissible fees at the inception of the transaction with the Owners, (iii) engaging in unfair and/or deceptive practices intending to conceal or misrepresent the true nature of the transaction being proposed; (iv) failing to disclose the exact financial terms of the transaction being proposed in a manner that can be easily understood; and (v) charging an unstated interest, disguised in the "option" structure.

51. The Defendants have violated the NJRMLA.

**WHEREFORE**, the Trustee demands judgment against Defendants Unison Agreement Corp. and Unison Midgard Holdings, LLC as follows:

a. Finding that the Defendants are unregistered mortgage lenders or mortgage brokers;

b. Finding that the Defendants violated the New jersey Residential Mortgage Lending Act.

c. Finding that the Defendants improperly charged excessive fees and interest;

d. Declaring that the Defendants are entitled to only recover the amount paid to the Owners for the "option" purchased under the Agreement;

e. Awarding treble damages; and

f. Awarding attorneys' fees and costs; and

g. Granting such other and further relief as is just and appropriate.

**COUNT FIVE**
**DAMAGES FOR VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**
**Stanger, Trustee v. Unison and Midgard**

52. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if set forth herein at length.

53. The Owners are "consumers" within the meaning of the New Jersey Consumer Fraud Act.

54. Defendants violated the New Jersey Consumer Fraud Act (the "**CFA**") by engaging in unconscionable commercial practices by advertising, marketing and selling the transactions reflected in the Agreement.

55. Specifically, the Defendants' advertising does not properly describe the nature of the transaction to potential borrowers, including e.g., advising that in the event that the owners' property appreciates dramatically, they may be forced to pick from two unacceptable options (i) repurchase the "Option" from the Defendants at a vastly inflated price or (ii) be forced to sell the Property with the majority of the proceeds being paid to the Defendants.

56. Upon information and belief, the Owners were not provided sufficient information to understand the nature of the transaction that was presented to them by Unison. Specifically, by

presenting the transaction as something other than a "loan", the Defendants give the impression that the money that the Owners received did not need to be repaid.

57. In fact, the Owners were selling the right to a majority interest in their Property, placing their only means of shelter at risk, particularly if they found themselves in need to alternate living arrangements, e.g., a nursing home.

58. The Defendants capitalize on ever-increasing real estate values, depriving the Owners of this appreciation requiring that they either pay this appreciation to the Defendants or be forced to sell the Property to allow Defendants to profit.

59. The structure of the transaction does not enable the borrowers to understand the cost of borrowing the money at the outset enabling the Defendants to receive exorbitant effective interest rates, well in excess of the rates that can be legally charged by regulated lenders.

60. Defendants intentionally spread the terms of the transaction over a variety of documents resulting it in being impossible to decipher. Then, Defendants hide the exact financial terms from view by failing to disclose any dollar figures in the Memo or Mortgage which are the only documents recorded.

**WHEREFORE**, the Trustee demands judgment against Defendants Unison Agreement Corp. and Unison Midgard Holdings, LLC as follows:

a. Finding that the Defendants violated the New Jersey Consumer Fraud Act;

b. Invalidating the Mortgage;

c. Awarding treble damages;

d. Awarding attorneys' fees and costs; and

e. Granting such other and further relief as is just and appropriate.

Respectfully,

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
*Attorneys for Plaintiff, Douglas S. Stanger*
*Chapter 7 Trustee*

By: *_____/s/ Andrea Dobin_________*
ANDREA DOBIN

Dated: August 25, 2026