UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**HILL WALLACK LLP**
Michael Kahme, Esq.
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543
Phone: 609-924-0808
Email: mkahme@hillwallack.com
*Attorneys for Unison Agreement Corp. & Unison Midgard Holdings, LLC*

| | |
|---|---|
| In Re:<br><br>Susan Onda,<br><br>Debtor | Case No. 26-15682 (JNP)<br><br>Chapter: 7<br><br>Hon. Jerrold N. Poslusny, Jr., U.S.B.J. |
| Douglas S. Stanger, Ch. 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>Unison Agreement Corp. and Unison Midgard Holdings, LLC,<br><br>Defendants. | Adv. Pro. No. 26-01384 (JNP) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS UNISON AGREEMENT CORP. AND UNISON MIDGARD HOLDINGS, LLC TO COMPLAINT**

Defendants Unison Agreement Corp. (“Unison”) and Unison Midgard Holdings, LLC (“Midgard,” and together with Unison, “Defendants”) answer the Complaint to Determine Nature, Extent and Priority of Liens Claims or Interests, to Avoid Lien Pursuant to 11 U.S.C. § 544, for Damages Relating from Violations of Consumer Protection Laws and for Other and Associated Relief (the “Complaint”) filed by plaintiff Douglas S. Stanger, Chapter 7 Trustee (the “Trustee”), as follows.

Defendants use the defined terms in the Complaint for convenience only and do not adopt any characterization those terms carry. As used in this Answer, the "Agreement" means the Unison HomeOwner Agreement, which consists of the Unison HomeOwner Option Agreement (the "Option Agreement"), the Unison HomeOwner Covenant Agreement (the "Covenant Agreement"), the Memo, and the Mortgage.

**STATEMENT REGARDING NON-WAIVER OF RIGHT TO ARBITRATE**

This Answer is filed subject to, and without waiver of, Defendants' right to compel arbitration of the claims asserted in the Complaint, as set forth in the First Affirmative Defense below.

**STATEMENT REGARDING CONSENT TO FINAL ORDERS**

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendants do not consent to the entry of final orders or judgment by the Bankruptcy Court on any claim, counterclaim, or defense in this adversary proceeding. This statement is made without waiver of Defendants' right to arbitrate.

**RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT**

**Jurisdiction and Venue**

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the subject matter jurisdiction of the Court under 28 U.S.C. §§ 157 and 1334 to adjudicate claims subject to arbitration, and Defendants reserve their right to arbitrate as stated in the First Affirmative Defense.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that all of the claims asserted in the Complaint are

core proceedings. Counts One, Four, and Five arise solely under New Jersey law and are not core. Further, the Court may not decide a claim which is subject to arbitration.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny venue is proper and assert that arbitration is the proper venue pursuant to the arbitration clause.

4. Paragraph 4 states a legal conclusion to which no response is required, and Defendants therefore neither admit nor deny it. To the extent a response is required, Defendants deny that 11 U.S.C. § 363(h) applies to, or provides a basis for any relief against, Defendants.

## Parties

5. Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Midgard was required to be authorized to do business in New Jersey in order to hold, as assignee, the rights at issue in this proceeding or to defend this action.

8. Defendants admit the allegations of Paragraph 8.

## Procedural Background

9. Defendants admit that on May 20, 2026, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

10. Defendants admit that the Notice of Chapter 7 Bankruptcy Case reflects that Douglas S. Stanger was appointed interim trustee on or about May 21, 2026, and that he has acted as the Chapter 7 Trustee in the Debtor's case.

## Factual Background

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11, and on that basis deny them.

12. Defendants admit that on November 16, 2022, the Owners signed the Memo and the Mortgage, and that the Mortgage is titled "Unison HomeOwner Mortgage and Security Agreement." Defendants further admit that on the same date the Owners signed the Option Agreement and the Covenant Agreement, which together with the Memo and the Mortgage make up the Agreement. Defendants admit that Exhibits A and B to the Complaint appear to be copies of the recorded Memo and the recorded Mortgage. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Owners signed other documents on or about that date, and on that basis deny that allegation. Defendants deny the remaining allegations of Paragraph 12.

13. Defendants admit that the Memo and the Mortgage were recorded in the office of the Atlantic County Clerk on January 11, 2023, and that the Memo was recorded immediately before the Mortgage.

14. Defendants admit that the Memo was recorded as instrument number 2023002228 and that the Mortgage was recorded as instrument number 2023002229.

15. Defendants admit the allegations of Paragraph 15.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 16 and deny that the Mortgage, or any right Midgard holds under it, is subject to any claim or infirmity.

**Language of the Memo**

17. The Memo is a written instrument whose terms speak for themselves. Defendants refer the Court to the Memo for its complete and accurate contents and deny any allegation or characterization in Paragraph 17 that is inconsistent with it.

18. Defendants admit that the Option Agreement and the Covenant Agreement are not themselves recorded in the Atlantic County land records, either independently or as attachments to another recorded document. Defendants state that the Agreement includes the Memo and the Mortgage, both of which are recorded, and that the Memo incorporates the terms of the Agreement by reference. Defendants deny the remaining allegations of Paragraph 18.

19. The Memo is a written instrument whose terms speak for themselves. Defendants refer the Court to the Memo for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

20. The Memo is a written instrument whose terms speak for themselves. Defendants refer the Court to the Memo for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

21. The Memo is a written instrument whose terms speak for themselves. Defendants refer the Court to the Memo for its complete and accurate contents and deny any allegation or characterization in Paragraph 21 that is inconsistent with it. Defendants specifically deny that the Memo, which incorporates the terms of the Agreement by reference, reflects no obligations on the part of the Owners.

**Language of the Mortgage**

22. The Mortgage is a written instrument whose terms speak for themselves. Defendants refer the Court to the Mortgage for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

23. The Mortgage is a written instrument whose terms speak for themselves. Defendants refer the Court to the Mortgage for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it. Defendants specifically deny that the Mortgage fails to create a lien on the Property.

24. The Mortgage is a written instrument whose terms speak for themselves. Defendants refer the Court to the Mortgage for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

25. The Mortgage is a written instrument whose terms speak for themselves. Defendants refer the Court to the Mortgage for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

26. The Mortgage is a written instrument whose terms speak for themselves. Defendants refer the Court to the Mortgage for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

27. Defendants admit that the Agreement is not recorded in the Atlantic County land records as a single instrument, and incorporate their response to Paragraph 18. Defendants state that the Memo and the Mortgage, which are parts of the Agreement, are recorded.

28. The Mortgage is a written instrument whose terms speak for themselves. Defendants refer the Court to the Mortgage for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29, and on that basis deny them.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30, and on that basis deny them.

**As To Count One**

31. This paragraph incorporates prior allegations and requires no response. To the extent a response is required, Defendants incorporate their responses to Paragraphs 1 through 30 of the Complaint.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the Agreement contains a choice-of-law provision, which speaks for itself, and that the Federal Arbitration Act governs the Arbitration Provision described in the First Affirmative Defense. Defendants deny the remaining allegations of Paragraph 32.

33. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

34. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

Defendants deny that the Trustee is entitled to judgment against Defendants or to any of the relief requested in the paragraph beginning "WHEREFORE" that follows Paragraph 34 of the Complaint, including subparagraphs (a) through (c).

**As To Count Two**

35. This paragraph incorporates prior allegations and requires no response. To the extent a response is required, Defendants incorporate their responses to Paragraphs 1 through 30 of the Complaint.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, Defendants refer the Court to 11 U.S.C. § 544(a)(1) for its terms and deny that it entitles the Trustee to avoid the Mortgage.

37. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

38. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

Defendants deny that the Trustee is entitled to judgment against Defendants or to any of the relief requested in the paragraph beginning “WHEREFORE” that follows Paragraph 38 of the Complaint, including subparagraphs (a) through (c).

**As To Count Three**

39. This paragraph incorporates prior allegations and requires no response. To the extent a response is required, Defendants incorporate their responses to Paragraphs 1 through 30 of the Complaint.

40. The Agreement is a written instrument whose terms speak for themselves. Defendants refer the Court to the Agreement for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

41. The Agreement is a written instrument whose terms speak for themselves. Defendants refer the Court to the Agreement for its complete and accurate contents and deny any allegation or characterization in this paragraph that is inconsistent with it.

42. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

43. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

44. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

45. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

46. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

Defendants deny that the Trustee is entitled to judgment against Defendants or to any of the relief requested in the paragraph beginning "WHEREFORE" that follows Paragraph 46 of the Complaint, including subparagraphs (a) through (d).

**<u>As To Count Four</u>**

47. This paragraph incorporates prior allegations and requires no response. To the extent a response is required, Defendants incorporate their responses to Paragraphs 1 through 30 of the Complaint.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50, including each of subparts (i) through (v).

51. Defendants deny the allegations of Paragraph 51.

Defendants deny that the Trustee is entitled to judgment against Defendants or to any of the relief requested in the paragraph beginning "WHEREFORE" that follows Paragraph 51 of the Complaint, including subparagraphs (a) through (g).

**As To Count Five**

52. This paragraph incorporates prior allegations and requires no response. To the extent a response is required, Defendants incorporate their responses to Paragraphs 1 through 30 of the Complaint.

53. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

Defendants deny that the Trustee is entitled to judgment against Defendants or to any of the relief requested in the paragraph beginning "WHEREFORE" that follows Paragraph 60 of the Complaint, including subparagraphs (a) through (e).

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming any burden of proof that the law places on the Trustee. Each defense is pleaded in the alternative to the others and applies to every Count to which it is relevant.

## FIRST AFFIRMATIVE DEFENSE

### (Agreement to Arbitrate and Right to Compel Arbitration; No Waiver)

Counts One, Three, Four, and Five arise out of or relate to the Agreement and are subject to a written agreement to arbitrate.

On November 16, 2022, the Owners and Unison entered into the Agreement. Section 1.2 of the Option Agreement and Section 1.3 of the Covenant Agreement define the Agreement as the Option Agreement, the Covenant Agreement, the Mortgage (which the agreements call the Security Instrument), and the Memo. The Option Agreement and the Covenant Agreement define "Investor" as Unison and its successors and assigns. Midgard is Unison's assignee and holds rights under the Agreement as Investor.

Section 20 of the Covenant Agreement (the "Arbitration Provision") gives either party the right to arbitrate. Section 20.1 provides in relevant part:

> You and Investor agree that either party may, at its sole election, choose to submit to neutral, binding arbitration pursuant to this Section 20 (the "Arbitration Provision") rather than court action the following controversies (which will be called "Claims"):
>
> any past, present, or future claim, dispute, or controversy (including matters arising as initial claims, counter-claims, cross-claims, third-party claims, or otherwise) whether in contract, tort (intentional or otherwise), constitution, statute, common law, principles of equity, or otherwise, between you and Investor or Investor's employees, directors, agents, successors or assigns, which arises out of or relates to the Unison Unison HomeOwner Agreement, including any dispute regarding an Appraised Value of the Property, Remodeling Adjustment or Deferred Maintenance Adjustment, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)

Section 20.3 provides that the scope of the Arbitration Provision "is to be given the broadest possible interpretation that is enforceable" and that "[t]he interpretation and scope of this Arbitration Provision, and the arbitrability of any Claim shall be resolved by neutral, binding arbitration and not by a court action." Section 20.4 provides that arbitration is to be initiated with the American Arbitration Association or JAMS and that neither the Owners nor Investor waives the right to arbitrate by using self-help remedies or by filing a judicial action related to the Property. Section 20.6 provides that the Arbitration Provision is made pursuant to a transaction involving interstate commerce and is governed by and enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA").

Each of Counts One, Three, Four, and Five challenges the validity, enforceability, or effect of the Agreement or the Mortgage, or Defendants' conduct in connection with the transaction the Agreement documents, and therefore falls within the Claims the Arbitration Provision covers. Count Two seeks to avoid the Mortgage, which is one of the four documents that make up the Agreement, and overlaps with Count One. To the extent the Trustee asserts rights of the Debtor or the Owners under or relating to the Agreement, he stands in their position and is bound by the Arbitration Provision. *See Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1154 (3d Cir. 1989); *In re Mintze*, 434 F.3d 222, 231 (3d Cir. 2006).

On September 29, 2026, Defendants gave the Trustee written notice, through counsel, that they elect to arbitrate before JAMS and asked the Trustee to stipulate to arbitration. On September 30, 2026, the Trustee declined to stipulate to arbitration.

Defendants are concurrently moving to compel arbitration of Counts One, Three, Four, and Five and to stay Count Two and this adversary proceeding pending completion of the arbitration (the "Motion to Compel"). 9 U.S.C. §§ 3, 4. Any claim the Court determines is not

subject to arbitration, including Count Two, should be stayed pending the arbitration of the remaining Counts.

Defendants file this Answer solely because Federal Rules of Bankruptcy Procedure 7008 and 7012 and the Summons require a responsive pleading within the time those rules and the Summons provide, and because the Trustee has not agreed to extend that time until the Court decides the Motion to Compel. Defendants have elected to arbitrate, intend to arbitrate, and expressly preserve that right. Nothing in this Answer, including any denial, defense, statement regarding final orders, or request for relief, waives the right to arbitrate or is conduct inconsistent with it. Defendants likewise preserve the right to have the arbitrator decide the arbitrability of any Count under Section 20.3 of the Covenant Agreement and the right to seek appellate review of any order denying arbitration in whole or in part.

**SECOND AFFIRMATIVE DEFENSE**

**(Count Four, The New Jersey Residential Mortgage Lending Act Does Not Apply to the Agreement)**

The New Jersey Residential Mortgage Lending Act, N.J.S.A. 17:11C-51 et seq. (the "NJRMLA"), does not apply to the Agreement. The NJRMLA regulates residential mortgage lenders and brokers and the making of residential mortgage loans. The Agreement is not a loan. Under the Agreement, the Owners received a payment in exchange for an option to purchase an undivided percentage interest in the Property and related rights, and Section 12.1 of the Option Agreement provides that the Initial Payment "is not a loan to you or indebtedness to Investor." Neither Defendant made a residential mortgage loan or acted as a residential mortgage lender or broker in connection with the Agreement, and neither Defendant was required to be licensed or registered under the NJRMLA. Defendants did not violate the NJRMLA.

**THIRD AFFIRMATIVE DEFENSE**

**(Count Four, No Private Right of Action Under the NJRMLA)**

The NJRMLA does not afford the Trustee a private right of action. The NJRMLA is codified in Chapter 11C of Title 17 of the New Jersey Statutes together with the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C-1 et seq., and New Jersey courts have not recognized a private right of action under that licensing scheme.

**FOURTH AFFIRMATIVE DEFENSE**

**(Count Two, The Trustee Cannot Avoid the Mortgage Under 11 U.S.C. § 544(a)(1))**

The Memo and the Mortgage were recorded in the office of the Atlantic County Clerk on January 11, 2023, more than three years before the May 20, 2026 petition date. The recorded instruments gave constructive notice of Unison's rights in the Property.

**FIFTH AFFIRMATIVE DEFENSE**

**(Count Five, The New Jersey Consumer Fraud Act Does Not Apply to the Agreement)**

The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. (the "CFA"), does not apply to the Agreement. The CFA protects consumers against fraudulent and unconscionable practices in the sale or advertisement of merchandise, which the CFA defines to include objects, wares, goods, commodities, services, and anything offered, directly or indirectly, to the public for sale. N.J.S.A. 56:8-1(c). The Agreement does not meet this definition.

**SIXTH AFFIRMATIVE DEFENSE**

**(Count Five, No Unconscionable Commercial Practice or Other Violation of the CFA)**

Defendants did not engage in any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or knowing concealment, suppression, or omission of material fact in connection with the Agreement, and Defendants did not commit any

act that violates the CFA. The terms of the transaction were set out in the written agreements that the Owners signed before notaries, and the Memo and the Mortgage were recorded.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

To the extent the Trustee seeks relief for Jeffery C. Onda, his estate, or any creditor, the Trustee lacks standing.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Equitable and Promissory Estoppel, Waiver, Ratification, and Acceptance of Benefits)**

The Owners received the Initial Payment of $60,375, signed the Agreement before notaries, and retained the benefits of the Agreement for more than three years before the petition date. On information and belief, the Owners did not seek to rescind or challenge the Agreement before the petition date. The Debtor's own schedules identify Unison as a creditor holding a claim secured by the Property. The Trustee stands in the Debtor's position and is barred, in whole or in part, by estoppel, waiver, ratification, and acceptance of benefits. Unison relied on the Owners' promises and representations, including by paying the Initial Payment and recording the Memo and the Mortgage. The Trustee therefore is estopped, under the doctrines of equitable estoppel and promissory estoppel, from denying the validity and enforceability of the Agreement and the Mortgage.

**NINTH AFFIRMATIVE DEFENSE**

**(Setoff, Recoupment, and Unjust Enrichment)**

Any recovery by the Trustee must be reduced by setoff and recoupment of the Initial Payment of $60,375 and of all other amounts that Defendants paid or are owed under the

Agreement. 11 U.S.C. § 553. The Trustee cannot avoid the Mortgage or recover damages while keeping the benefit of the Initial Payment, and any such result would unjustly enrich the estate.

**TENTH AFFIRMATIVE DEFENSE**

**(Midgard Is an Assignee and Was Not Required to Obtain Authority to Do Business)**

Midgard was not required to obtain authority to do business in New Jersey in order to hold, as assignee, rights under a recorded mortgage or option, or to defend this action. N.J.S.A. 42:2C-59(a)(1), (7), (8). Any alleged lack of authority does not affect the validity or enforceability of the Mortgage or the Agreement and does not prevent Midgard from defending this action. N.J.S.A. 42:2C-65(b).

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith and Compliance With Law)**

Defendants acted in good faith and in compliance with applicable law. The terms of the transaction were disclosed in the written Agreement, and Defendants did not engage in any unfair, deceptive, or unconscionable practice.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Treble Damages, Attorneys' Fees, or Costs)**

The Trustee is not entitled to treble damages, attorneys' fees, or costs. The Complaint alleges no ascertainable loss, and no statute or agreement entitles the Trustee to recover attorneys' fees from Defendants. Section 19.9 of the Covenant Agreement, by contrast, provides for an award of attorneys' fees to the prevailing party, and Defendants reserve the right to recover fees under it to the extent permitted by the Agreement and applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Contractual Jury Waiver)**

The Covenant Agreement contains a waiver of the right to a jury trial. The Trustee has made no jury demand, and Defendants do not consent to a jury trial of any claim in this proceeding.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

To the extent the Complaint asserts claims or seeks relief under New Jersey law that would prohibit, limit, or condition the enforcement of the Arbitration Provision, or that are otherwise inconsistent with or an obstacle to federal law, those claims and that relief are preempted by federal law, including the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and any other federal statute, regulation, or doctrine that applies. Defendants plead preemption generally and reserve the right to identify additional federal law as the Trustee's theories become clearer.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Statutory Exemptions, Exclusions, and Safe Harbors)**

To the extent any exemption, exclusion, or safe harbor under the New Jersey Residential Mortgage Lending Act, the New Jersey Consumer Fraud Act, or any other statute on which the Trustee relies applies to Defendants or to the transaction described in the Complaint, Defendants plead it as a bar to the relief the Trustee seeks.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Unison or Midgard, including as to each of Counts One through Five. Fed. R. Civ. P.

12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b). Defendants preserve this defense under Fed. R. Civ. P. 12(h)(2).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Each claim asserted in the Complaint is barred, in whole or in part, by the applicable statute of limitations, statute of repose, or other time limitation, including, without limitation, the claims asserted in Counts Four and Five under the New Jersey Residential Mortgage Lending Act and the New Jersey Consumer Fraud Act. Defendants plead this defense to preserve it under Fed. R. Civ. P. 8(c).

**RESERVATION OF RIGHTS**

Defendants have not knowingly or intentionally waived any applicable defense. Discovery has not begun, and Defendants reserve the right to amend this Answer to assert additional defenses as they become known. Defendants further reserve the right to file a proof of claim in the Debtor's bankruptcy case by the applicable deadline and to assert setoff, recoupment, and counterclaims. Any such filing or assertion is made without waiver of the Arbitration Provision or of any defense stated in this Answer.

**PRAYER FOR RELIEF**

Defendants respectfully request that the Court enter an order and judgment as follows:

(a) Compelling arbitration of Counts One, Three, Four, and Five of the Complaint and staying Count Two and this adversary proceeding pending completion of the arbitration.

(b) Alternatively, dismissing the Complaint with prejudice, or entering judgment in favor of Defendants and against the Trustee on every Count, and denying all relief the Trustee requests.

(c) Awarding Defendants their attorneys' fees and costs to the extent permitted by the Agreement and applicable law.

(d) Granting Defendants such other and further relief as the Court deems just and proper.

**HILL WALLACK LLP**
Attorneys for Unison Agreement Corp. and Unison Midgard Holdings, LLC

Dated: October 8, 2026

By: */s/ Michael Kahme*
Michael Kahme